FROELICH, APPELLANT, *v*. THE PEOPLE, RESPONDENT.

APPEAL from the District Court of Ponce.

No. 879.—Decided June 6, 1913.

EVIDENCE—PLAINTIFF'S TESTIMONY.—When the plaintiff is the only eyewitness his testimony must be considered with great care.

NEGLIGENCE—PRECAUTIONS—ACCIDENTS IN PUBLIC ROADS.—A person traveling on a dark night in an automobile over a road which he has traveled over several times before, knowing of the existence of a washout caused by the

destruction of a culvert by floods and of a side road near which is a fence, all contributing to make the spot a very dangerous one, should not travel at his accustomed rate of speed but should reduce the speed of his automobile to a man's gait, or he is guilty of contributory negligence in case of accident. Considering the circumstances of this case and the evidence introduced, the trial court committed no error in finding the appellant negligent.

ID.—PROXIMATE CAUSE OF ACCIDENT—DAMAGES.—When, as in the present case, the proximate and immediate cause of the accident is the carelessness and negligence of the plaintiff himself who might have avoided the accident by the exercise of such precautions as a prudent and reasonable man would take, he cannot recover damages arising directly from his own carelessness although the defendant were guilty of negligence also.

ID.—CONTRIBUTORY NEGLIGENCE—DEFENDANT'S NEGLIGENCE.—The cases of *Vargas* v. *Monroig*, 15 P. R. R., 27, and *Rosado* v. *Ponce Railway and Light Company*, 18 P. R. R., 609, are not applicable to this case nor do they establish the doctrine that if there were contributory negligence on the part of the defendant the plaintiff is not barred from recovering damages although he were negligent also and could have avoided the accident by the exercise of proper care and prudence.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Messrs. Wolcott H. Pitkin, Jr.*, Attorney General, *Charles E. Foote, fiscal*, and *Daniel F. Kelley* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Henry Froelich, brought an action in the District Court of Ponce against The People of Porto Rico for a certain amount as indemnity for damages suffered by reason of a fall with his automobile due to a washout on the highway from Ponce to Guayama, the care and due conservation of which highway appertains to the defendant. The complaint having been traversed and the trial held, said court rendered judgment for the defendant and from that judgment the plaintiff took this appeal.

The appellant bases his appeal on the following grounds: First, that the court erred in finding the appellant guilty of contributory negligence, and, second, in holding that such negligence prevented his recovering for the damages sustained.

The lower court made the following findings of fact:

"*First.* The court finds that by reason of floods on the south coast of the Island, about the month of November, 1909, on the highway

between Ponce and Guayama passing through the towns of Santa Isabel and Salinas—an Insular road belonging to The People of Porto Rico which is charged with its maintenance and repair—a washout occurred at a point known as Quebrada de Torres, near Santa Isabel, the force of the water having destroyed a culvert which crossed the said road at that place. This rendered it necessary to construct a side road on the right side of said highway looking from Ponce towards Guayama, beginning at a point near the washout running through the adjacent lands and joining the highway on the other side of the washout at an approximate distance of 27 meters in a straight line from the point of departure.

"*Second.* The court finds that immediately after the said flood and washout the agents and employes of the Department of the Interior of the Government of Porto Rico constructed a fence on each side of the said washout, but that the same was not strong enough to prevent vehicles from falling into the gap and the dangers to which passengers were naturally exposed.

"*Third.* The court finds that the washout and fences mentioned existed at said place on the night of the 30th or 31st of March, 1910, and that during the night of one of said dates the plaintiff, Henry Froelich, who left Ponce for Central Aguirre by the said highway, unaccompanied and driving his own automobile, met with an accident occasioned by the falling of the automobile which slid down the side of the washout on the left side of the highway looking towards Guayama. The court considers it proven satisfactorily that the fall of the automobile occurred at a point on the edge of the washout *between the two sides of the main road or highway* slightly towards the left side thereof, and also that the said automobile in falling carried with it the fence or a part of the fence placed on the edge of the said washout.

"*Fourth.* The court finds that as a result of the aforesaid accident described in the preceding paragraph the plaintiff, Henry Froelich, suffered damages to his person and property, the former consisting of wounds and a fracture of the tibial bone of one of his legs, necessitating his removal to a hospital and receiving medical attention for two months, and the latter of the expenses resulting from his personal injuries, loss of work, and damages to his automobile.

"*Fifth.* The court finds that previous to the night of the accident the plaintiff was fully aware of the condition of the road from Ponce to Guayama at the place where the accident occurred, and that said plaintiff neither took the necessary precautions nor exercised the

proper care and diligence to avoid the danger and accident to which he was exposed by the condition of the road at that place.

"*Sixth*. The court finds that the plaintiff, Henry Froelich, is guilty of contributory negligence and that this was the proximate and immediate cause of the accident of which he was the victim and of the damages caused thereby.

"*Seventh*. The court finds that the insufficiency of the strength of the fences constructed on the borders of the washout to prevent the falling of vehicles *did not contribute directly* to the plaintiff's accident on which this action is based, and that the negligence which may be attributed to the agents or employes of the defendant, The People of Porto Rico, and for which the defendant is responsible, is remote, and that *in any event*, viewing the facts in the most favorable light to the plaintiff, it must be held that the negligence of the defendant as well as that of the plaintiff contributed directly to the accident, and that *both combined constitute the proximate and immediate cause of the damage.*"

In considering the first error assigned let us examine the evidence to determine whether it sustains the conclusions of the trial court in regard to the negligence of the appellant, and as the plaintiff was traveling alone in his automobile when it fell into the washout and consequently there was no other eyewitness, we must exercise great care in reviewing his testimony. We will begin, then, by stating that although the appellant swore in his complaint that no barricade or obstruction of any kind had been raised at the washout to prevent the falling of vehicles, he testified at the trial, also under oath, that on the day the accident occurred and prior thereto he had seen a barrier or fence on the borders of the washout, and this fact was testified to also by other witnesses.

From the appellant's testimony at the trial it appears that he had traveled over the said road on several occasions and knew of the existence of the washout into which he fell; that a side road had been constructed on the right side of the road going from Ponce to Guayama, and that near the said side road there was a fence or barrier; that on that night he left Ponce and traveled over the said road knowing that the dan-

gerous place existed; that he saw the lights of a carriage so near that he could have thrown a cigarette into it, for which reason he sounded his horn and steered his car to the right, falling into the washout; that the precautions he took consisted in proceeding at the rate of eight or ten miles an hour, which he was accustomed to do when traveling at night, and in keeping his eyes open, but he was unable to see on account of the darkness although he had three lights on his automobile which covered a radius of 100 to 150 feet, and, lastly, that he did not think he had gone so far as he had. These were the only precautions he took according to his testimony at the trial.

Julio López was traveling in the carriage referred to and his testimony may throw some light on the subject. This witness testified that just before reaching the washed-out culvert he warned the driver to be careful in going over the side road, and when about 2 meters therefrom he heard the horn of an automobile coming up behind, about 20 meters distant, and thereupon instructed the driver to hurry so that he might not be overtaken on the said side road, which he did; that when they had just passed over the side road and were about to enter the highway again, he heard the automobile fall and they went to the scene of the accident to render assistance. According to the testimony of the carriage driver, he was unaware of the existence of the side road until that night. From an ocular inspection made by the judge it appears that the fence was constructed about 1 or 1½ meters from the side road which covered a distance of about 27 meters in a straight line between its entrance and exit, and, taking the testimony as a whole, we may consider that at that place the distance from the side road to the washout was about 6 meters.

Considering the proximity of the said road to the chasm left by the broken culvert and that the fence was of such a nature that it could not resist the impact of an automobile, it is manifest that the place was very dangerous, hence we

think that the appellant, knowing the conditions, should have been more cautious.

There are no fixed rules as to what a reasonable and prudent person should do in each case, but we understand that in such circumstances as the present the appellant should not have traveled at his accustomed rate of speed, but that in view of the darkness of that night and the perilous spot he should have reduced the speed of his automobile to a man's gait, not only that he might be able to see better, but also that he might be able to stop his car suddenly and not fall into the washout. This is what would have occurred to any prudent person and his failure to do this shows negligence and lack of care.

Besides, we cannot understand how, if he were traveling at the rate of 8 or 10 miles an hour, which is about the speed of a carriage, and carried lights covering a radius of 150 feet, he did not see the branch road and fence when the carriage driver ahead of him, who had only the lamps ordinarily used on those vehicles and did not know of the existence of the side road, saw it. And this is still more striking if we consider that having seen the lights of the carriage he must have observed it leave the highway and enter the branch road, a fact that should have warned him that he was close to the latter. For these reasons we very much doubt, as did the court below, that the appellant was proceeding as slowly as he states, considering also that if he thought he was not so far from Ponce, this apparently demonstrates that he was traveling rapidly.

In view of the foregoing we are of the opinion that the trial court did not err in finding the appellant guilty of negligence, for which reason we should consider now whether on account of such negligence he is barred from recovering for the damages sustained.

Viewing the facts as they occurred, we may say that in spite of the dangerousness of the place the accident would not have happened had the appellant taken the precautions which a prudent and reasonable person should have taken, and on this account we must conclude that his carelessness and negli-

gence were the proximate and immediate cause of his falling into the washout in the highway. If the defendant was negligent in not erecting a fence sufficiently strong to stop any vehicle coming into contact therewith, as understood by the trial court, nevertheless, as the proximate cause of the accident was the negligence of the appellant, this fact bars him from recovering damages for injuries arising directly from his own carelessness. In order that one may be entitled to indemnity for damages occasioned by acts or omissions attended by fault or negligence it is necessary that the plaintiff prove that such damage is the immediate and natural consequence of the guilty and negligent act of the defendant and not due to the plaintiff's own fault or negligence. *Díaz* v. *San Juan Light and Transit Company,* 17 P. R. R., 64.

The appellant contends that in the cases of *Vargas* v. *Monroig e Hijos,* 15 P. R. R., 26, and *Rosado* v. *Ponce Railway and Light Company,* 18 P. R. R., 593, the doctrine is upheld that if the defendant were guilty of contributory negligence, the plaintiff is not barred from recovering damages because they might have been avoided by the exercise of proper care and prudence, and that therefore the court erred in denying them in this case. As regards the first case cited, we will say that although it was said in that case that "There are many cases which decide that although a complainant might, by the exercise of caution, have avoided the accident, yet he may, nevertheless, recover if it be shown that the defendant might have avoided the accident by exercise of proper care," * * * that was not the doctrine accepted by the court in that case which had been decided on the defendant's motion for a nonsuit made before introducing his evidence, but the doctrine accepted was that "as the complainant was injured by the hoisting of the machine, he was, *prima facie,* entitled to recover his actual damages provided the proof did not show him to be guilty of contributory negligence," which doctrine

is set forth at greater length in these other paragraphs of the
opinion:

"However, we do not think that the evidence presented shows any
contributory negligence on the part of the appellant. As intimated
before, he had no reason to believe himself in a position of peril. It
was not within his prevision that an injury would happen to him if,
being on his care, he grasped the hooks and rings in the customary
manner. The proximate cause of the accident was the starting of the
crane and not the way in which the complainant seized hold.

"When a plaintiff enters or crosses a dangerous place, as for ex-
ample, a track, where he is bound to know that there is danger and
he does so in a negligent or careless manner, he cannot recover against
a defendant  *  *  *.

"The usual, or convenient, or ordinary way of doing a thing, where
the complainant has no reason to apprehend danger, would exculpate
him from the imputation of contributory negligence, if he goes about
his business in the usual way."

As regards the second case cited, it is true that it repro-
duces the doctrine of the first paragraph quoted from the first
opinion cited to the effect that while damages cannot be recov-
ered when the proximate cause thereof is the negligence of
the injured party, yet the action will prevail if it be shown
that the defendant could have avoided the accident by the
exercise of reasonable care. But that was not the ground on
which the judgment in that case was based, the ground being
that the injured party had not been guilty of negligence be-
cause the preponderance of the evidence showed that he was
unable to see from the place where he was that some of the
wires were uncovered and because there was no proof tending
to show that he or any other reasonable person could suppose
that those wires carried a current sufficient to cause death, as,
being for house lighting purposes, they should have been harm-
less. In that case the main point decided was not that the
plaintiff was negligent and that, in spite of that fact, he was
entitled to recover because the defendant failed to prevent the
accident by the exercise of ordinary care, but that the injured

party was guiltless of negligence. The court said: "Therefore, in view of all the circumstances that appear from the findings of fact we cannot hold that the deceased was guilty of contributory negligence." However, both cases treated of dangers unknown to the injured party and which he could not have foreseen, consequently they are not applicable to the case at bar in which the appellant was aware of the existing danger prior to the accident and could have avoided the same by exercising due diligence.

For these reasons the court below did not commit the second error assigned by the appellant.

The judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.